**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| TRAVIS C. DONLIN,<br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HALL COUNTY LIVESTOCK IMPROVEMENT<br>ASSOCIATION d/b/a FONNER PARK.,<br><br>　　　　　　　　　　Defendant. | )<br>)<br>)<br>)　Case No.:_____<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

COMES NOW the Plaintiff, by and through his attorneys, and for his causes of action against the Defendant alleges and states as follows:

**I. THE PARTIES**

1. This action is a diversity action between a citizen of another state and a citizen/corporation of the State of Nebraska.

2. Plaintiff Travis C. Donlin is a resident and citizen of the State of Kansas.

3. Defendant Hall County Livestock Improvement Association d/b/a Fonner Park (hereinafter "Fonner Park") is a Nebraska domestic not-for-profit corporation located at 700 E. Stolley Park Road, P.O. Box 490, Grand Island, Hall County, Nebraska. Defendant may be properly served with Summons by serving its registered agent, Chris Kotulak, at 700 E. Stolley Park Road, P.O. Box 490, Grand Island, Nebraska 68802-0490.

4. Defendant is not a political subdivision which requires notice under the Nebraska Political Subdivision Tort Claims Act, Neb. Rev. Stat. § 13-901 to -928.

5. However, to the extent required by law, plaintiff has complied with all prerequisites to bringing suit pursuant to the provisions of the Political Subdivision Tort Claims Act.

1

6. Plaintiff served his notice of claim pursuant to this act upon defendant and/or those legally required to receive notice on behalf of defendant on or about March 22, 2023, via certified mail.

7. More than six months have elapsed since plaintiff presented his claims and demand in writing to defendant, and there has been no final disposition of said claims.

8. Accordingly, on November 30, 2023, plaintiff caused a letter to be sent via certified mail withdrawing plaintiff's claims and demand to defendant and/or those legally required to receive such withdrawal on behalf of defendant.

## II. JURISDICTION AND VENUE

9. Plaintiff adopts and incorporates by reference paragraphs 1 through 8 of his Complaint as if fully set forth herein.

10. The tort which is the subject of this Complaint occurred in Hall County, Nebraska, which is located within this United States District.

11. These proceedings arise under and jurisdiction is founded upon 28 U.S.C. § 1332(a) and the laws of the United States of America as there exists complete diversity of citizenship between plaintiff and defendant and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

12. As the subject incident occurred in the State of Nebraska, defendant has sufficient contacts to subject itself to the personal jurisdiction of this Court and other courts in the State of Nebraska.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in the State of Nebraska and in this United States District.

### III. FACTS COMMON TO ALL COUNTS

14. Plaintiff adopts and incorporates by reference paragraphs 1 through 13 of his Complaint as if fully set forth herein.

15. On Sunday, April 10, 2022, around 10:00 a.m., plaintiff was appropriately, and with express permission, on the premises of Defendant Fonner Park for the purpose of exercising a two (2) year old racehorse around the training track at Fonner Park.

16. Plaintiff and this horse were "loping and galloping" around the track when the horse suddenly hit the track's inner rail.

17. Inner rails at horse racing facilities generally sit at such a height that they would impact a horse near its shoulders, causing the horse to simply bounce off without incident.

18. Prior to the date of incident, however, Defendant Fonner Park caused a significant amount of dirt work to be done to the surface, or "cushion", of its training track.

19. This dirt work caused the surface of the training track to be raised; however, the height of the inner rail was not concomitantly raised with the surface of the track.

20. Accordingly, at the time that plaintiff was exercising his horse on the Fonner Park training track, the inner rail was not appropriate for its intended purpose in that it was too low and therefore in an unreasonably dangerous condition.

21. On April 10, 2022, plaintiff's horse impacted the inner rail on its legs, causing it to trip.

22. As the horse tripped towards the inside of the track, plaintiff was thrown from his saddle.

23. The force of impact caused the inner rail to break, and plaintiff's body impacted the fractured rail, which he essentially slid down until he came to rest upon the ground.

24. The height of inner rails on training tracks such as the one then existing at Fonner Park should be maintained between thirty (38) and fifty (50) inches above the cushion to prevent tripping and, therefore, to prevent, or significantly reduce, injuries to both jockeys and horses.

25. At the time of this incident, and in the area of incident, the inner rail of the Fonner Park training track ranged only between twenty-eight (28) and thirty (30) inches above cushion.

26. Upon information and belief, Defendant Fonner Park had previously received complaints regarding safety issues surrounding the height of the inner rails maintained on its training track, yet it failed to take any remedial action.

27. Furthermore, inner rails on training tracks such as the one at Fonner Park should be able to withstand levels of lateral impact and shock which are known and expected to occur in the customary, ordinary, and usual course of training and use of said training track such that it avoids fracture.

28. Nevertheless, on the date of incident, and in the area of incident, the impact between plaintiff's horse and the inner rail of Fonner Park's training track caused said rail to fracture, thus placing plaintiff and his horse at increased risk of injury.

29. As a consequence of the subject incident collision, plaintiff sustained extensive and severe personal bodily injuries, which are permanent and progressive in nature, and other damages as more fully set forth below.

**COUNT I:** **NEGLIGENCE, GROSS NEGLIGENCE, RECKLESS AND WANTON CONDUCT, AND VICARIOUS LIABILITY**

30. The Plaintiff adopts and incorporates by reference paragraphs 1 through 29 of his Complaint as if fully set forth herein.

4

31. Defendant Fonner Park, individually, and by and through its employees, agents, ostensible agents, and assigns for whose conduct Defendant Fonner Park is vicariously liable, owed a duty of care to plaintiff and other individuals who it expressly permitted on its premises for the purpose of horse training and exercise.

32. Defendant Fonner Park, individually, and by and through its employees, agents, ostensible agents, and assigns for whose conduct Defendant Fonner Park is vicariously liable, had a duty to conduct itself according to the acceptable standard of care of a same or similar horse racing/training facility under the same or similar circumstances.

33. Defendant Fonner Park, individually, and by and through its employees, agents, ostensible agents, and assigns for whose conduct Defendant Fonner Park is vicariously liable, breached the duty of care owed to plaintiff, and said breaches constitute negligence and fault on the part of Defendant Fonner Park.

34. The resulting injuries and other damages suffered by plaintiff as a result of the aforementioned collision were the result of the negligence, gross negligence, reckless and wanton conduct, and fault of Defendant Fonner Park, which includes, but is not limited to, the following:

    a. Failure to maintain the inner railing of its training track at an acceptable height above cushion;

    b. Failure to warn individuals using its training track that its inner rail was not at an acceptable height above cushion, and therefore was dangerous and defective;

c. Failure to maintain the inner rail of its training track in a manner such that it would withstand known and expected lateral impacts and shock without fracturing;

d. Failure to warn individuals using its training track that the inner rail was insufficient to withstand known and expected lateral impact and shock without fracturing;

e. Failure to have adequate personnel or outriders present on its training track to ensure safe use and enjoyment of the same;

f. Failure to adopt an adequate policy for the timely inspection and maintenance of its training track to ensure that it was free of dangerous and defective conditions and safe for its intended use;

g. Failure to implement an adequate policy for the timely inspection and maintenance of its training track to ensure that it was free of dangerous and defective conditions and safe for its intended use;

h. Failure to properly inspect its training track where horse training/exercising activities were expected and encouraged to ensure that it was free of dangerous and defective conditions and safe for its intended use;

i. Failure to properly maintain its training track where horse training/exercising activities were expected and encouraged such that that it was free of dangerous and defective conditions and safe for its intended use; and

j. Failure to warn individuals using its training track of dangerous and defective conditions then existing thereon which were known, or through the exercise of due care, reasonably should have been known to defendant.

35. Defendant Fonner Park is vicariously liable for the negligent acts, omissions, and commissions of its employees, agents, ostensible agents, and assigns, occurring within the nature, course, and scope of their employment and/or apparent agency with Defendant Fonner Park.

36. As a direct and proximate result of the Defendants' negligence, Plaintiff suffered serious personal bodily injuries and other damages, as more fully outlined below, which are permanent and progressive in nature.

**COUNT II:** **PREMISES LIABILITY**

37. Plaintiff adopts and incorporates by reference paragraphs 1 through 36 of his Complaint as if fully set forth herein.

38. Defendant Fonner Park, individually, and by and through its employees, agents, ostensible agents, and assigns for whose conduct Defendant Fonner Park is vicariously liable, owed to duty to plaintiff to maintain its premises in a reasonably safe condition for its intended use.

39. Defendant Fonner Park, individually, and by and through its employees, agents, ostensible agents, and assigns for whose conduct Defendant Fonner Park is vicariously liable, breached this duty owed to plaintiff, and said breach constitutes negligence and fault on the part of Defendant Fonner Park.

40. The resulting injuries and other damages suffered by plaintiff were the result of the negligence, gross negligence, reckless and wanton conduct, and fault of Defendant Fonner Park, which includes, but is not limited to, the following:

    a. Negligently maintaining a known and dangerous hazard on its premises which directly and proximately causes plaintiff's injuries;

    b. Negligently failing to property inspect, repair, and correct a dangerous condition then existing on its training track which was known, or through the exercise of reasonable care, should have been known to it.

41. Defendant Fonner Park should have known that its training track presented an unreasonable risk of harm to a lawful entrant, such as plaintiff.

42. Defendant Fonner Park should have expected that a lawful entrant, such as plaintiff, either would not have discovered or would not have realized the danger presented by the condition of its training track, and, therefore, would have been unable to protect himself against it.

43. Defendant Fonner Park failed to use reasonable care to protect lawful entrants, such as plaintiff, against the danger presented by its training track.

44. Defendant Fonner Park is vicariously liable for the negligent acts, omissions, and commissions of its employees, agents, ostensible agents, and assigns, occurring within the nature, course, and scope of their employment and/or apparent agency with Defendant Fonner Park.

45. As a direct and proximate result of the Defendants' negligence, Plaintiff suffered serious personal bodily injuries and other damages, as more fully outlined below, which are permanent and progressive in nature

## IV. DAMAGES

46. Plaintiff adopts and incorporates by reference paragraphs 1 through 45 of his Complaint as if fully set forth herein.

47. Due to defendant's negligent, wrongful, and unjustified acts, as set forth above, it is directly and vicariously liable for plaintiff's resultant damages, which include, but are

not limited to: his serious personal bodily injuries which are permanent and progressive in nature; his medical care and treatment to date and the costs associated with such treatment; the medical care and treatment he can reasonably expect to incur in the future and the costs associated with that medical care and treatment; his past and future pain, suffering, disability, and mental anguish; his permanent disfigurement; his loss of time and income to date and into the foreseeable future; and other damages, all in an amount in excess of $75,000.00, exclusive of interest and costs.

48. No act or omission on the part of plaintiff caused or contributed to cause his personal bodily injuries or other resulting damages.
49. Plaintiff is entitled to judgment against defendant in an amount in excess of $75,000.00, exclusive of interest and costs.

## V. CONCLUSION

WHEREFORE AND BY REASON OF THE ABOVE AND FOREGOING, plaintiff prays that judgment be entered in his favor and against defendant in an amount in excess of $75,000.00, exclusive of interest and costs, and for such other further relief as the Court deems just and equitable.

TRAVIS DONLIN, PLAINTIFF

BY: /S/ FRANCIS YOUNES
FRANCIS YOUNES, #24779
HIGH & YOUNES, LLC
6919 DODGE ST.
OMAHA, NE 68132
PH:402-933-3345
FAX:402-933-3020

EMAIL:
FRANK@HYATTORNEYS.COM
ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

COMES NOW the Plaintiff, by and through counsel of record, and respectfully demands a trial by jury on all issues so triable as a matter of right.

BY:/S/ FRANCIS YOUNES
FRANCIS YOUNES, #24779
HIGH & YOUNES, LLC
6919 DODGE ST.
OMAHA, NE 68132
PH:402-933-3345
FAX:402-933-3020
EMAIL:
FRANK@HYATTORNEYS.COM
ATTORNEYS FOR PLAINTIFF