IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **TRAVIS C. DONLIN,**<br><br>　　Plaintiff,<br><br>　vs.<br><br>**HALL COUNTY LIVESTOCK IMPROVEMENT ASSOCIATION, d/b/a FONNER PARK,**<br><br>　　Defendant/Third-Party Plaintiff,<br><br>　vs.<br><br>**LAWRENCE D. DONLIN, JR.,**<br><br>　　Third-Party Defendant. | **8:24CV122**<br><br>**AMENDED**<br>**CASE PROGRESSION ORDER** |

　　This matter comes before the Court on the telephonic hearing held on May 14, 2025, on the Plaintiff's Motion to Modify Deadlines in Current Case Progression Order (Filing No. 46). After review of the parties' motion, and in accordance with the matters discussed in the hearing, the Court finds good cause to grant the requested extensions. Accordingly,

　　**IT IS ORDERED** that the Plaintiff's Motion to Modify Deadlines in Current Case Progression Order (Filing No. 46) is granted, and the case progression order is amended as follows:

1) The deadlines for identifying expert witnesses and completing expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    | | |
    |---|---|
    | For the plaintiffs: | **August 19, 2025** |
    | For the defendants: | **October 18, 2005** |
    | Plaintiff's rebuttal: | **December 18, 2025** |

2) The deadline for completing written discovery under Rules 33, 34, 36, and 45 of the Federal Rules of Civil Procedure is **November 18, 2025**. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by **December 2, 2025**.

    **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge on or before the motion to compel deadline to set a conference to discuss the parties' dispute, and after being granted leave to do so by the Court.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

3)     The planning conference set for October 29, 2025, is cancelled. The trial and pretrial conference will not be set at this time. A planning conference to discuss case progression, dispositive motions, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **January 28, 2026**, at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

4)     The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **January 28, 2026.**

5)     The deadline for filing motions to dismiss and motions for summary judgment is **March 16, 2026**.

6)     The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **March 16, 2026**.

7)     The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

8)     All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 14th day of May, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge