# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRAVIS C. DONLIN,<br><br>    Plaintiff,<br><br>    vs.<br><br>HALL COUNTY LIVESTOCK IMPROVEMENT ASSOCIATION, d/b/a FONNER PARK,<br><br>    Defendant/Third-Party Plaintiff,<br><br>    vs.<br><br>LAWRENCE D. DONLIN, JR.,<br><br>    Third-Party Defendant. | 8:24CV122<br><br>**SECOND AMENDED CASE PROGRESSION ORDER** |

       This matter comes before the Court on the Plaintiff's Second Motion to Modify Deadlines in Current Case Progression Order (Filing No. 63). Defendant Hall County Livestock Improvement Association d/b/a Fonner Park filed an objection to the motion, contending Plaintiff has not demonstrated good cause for the requested extensions, which will unduly prolong the case. (Filing No. 65). The Third-Party Defendant did not oppose the motion. After review of the motion, the docket, and after consideration of Fonner Park's objection, the Court nevertheless finds good cause to grant Plaintiff's requested extensions. Accordingly,

       **IT IS ORDERED** that the Plaintiff's Second Motion to Modify Deadlines in Current Case Progression Order (Filing No. 63) is granted, and the case progression order is amended as follows:

    1)    The deadline for completing written discovery under Rules 33, 34, 36, and 45 of the Federal Rules of Civil Procedure is **November 18, 2025**. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by **December 2, 2025**.

       **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge on or before the motion to compel deadline to set a conference to discuss the parties' dispute, and after being granted leave to do so by the Court.

2) The deadlines for identifying expert witnesses and completing expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

| | |
|---|---|
| For the plaintiffs: | **November 19, 2025** |
| For the defendants: | **January 18, 2026** |
| Plaintiff's rebuttal: | **March 18, 2026** |

3) The planning conference set for January 28, 2026, is cancelled. The trial and pretrial conference will not be set at this time. A planning conference to discuss case progression, dispositive motions, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **April 29, 2026**, at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

4) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **April 29, 2026.**

5) The deadline for filing motions to dismiss and motions for summary judgment is **June 16, 2026**.

6) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **June 16, 2026**.

7) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

8) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 19th day of August, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.