# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRAVIS C. DONLIN,<br><br>    Plaintiff,<br><br>vs.<br><br>HALL COUNTY LIVESTOCK IMPROVEMENT ASSOCIATION, d/b/a FONNER PARK,<br><br>    Defendant/Third-Party Plaintiff,<br><br>vs.<br><br>LAWRENCE D. DONLIN, JR.,<br><br>    Third-Party Defendant. | 8:24CV122<br><br>MEMORANDUM AND ORDER |

       This matter comes before the Court on the Amended Motion for Leave to File Amended Answer and Third-Party Complaint (Filing No. 66) filed by Defendant, Hall County Livestock Improvement Associations d/b/a Fonner Park ("Fonner Park"). Plaintiff, Travis Donlin, opposes the motion. (Filing No. 69). For the following reasons, the Court will grant the motion.

       Plaintiff filed the Complaint on April 4, 2024, seeking damages for serious personal bodily injuries he sustained in a horse riding accident at Fonner Park on April 10, 2022. (Filing No. 1). Fonner Park is a thoroughbred horse racing facility located in Grand Island, Nebraska authorized by the Nebraska Racing and Gaming Commission. (Filing No. 8 at p. 7). Plaintiff alleges he was exercising a two-year old racehorse around the training track at Fonner Park when the horse suddenly hit the track's inner rail, causing the horse to trip and throwing Plaintiff from his saddle. Plaintiff alleges the height of inner rails on training tracks should be maintained between thirty (38) and fifty (50) inches above the cushion to prevent tripping to prevent, or significantly reduce, injuries to both jockeys and horses. Plaintiff alleges that at the time of this incident, the inner rail of the Fonner Park training track ranged between twenty-eight (28) and thirty (30) inches above cushion. Plaintiff alleges Fonner Park had previously received complaints about the safety issues regarding the height of the inner rail. Plaintiff's Complaint contains claims against Fonner Park for negligence and premises liability. (Filing No. 1).

Fonner Park filed an Answer to the Complaint on May 3, 2024. (Filing No. 8). Fonner Park raised a number of Affirmative Defenses, including: Plaintiff was the proximate cause of the accident and injuries barring recovery; contributory negligence; Plaintiff assumed the risk; Plaintiff was not a lawful entrant to the property; and that any injuries or damages were solely caused by acts or omissions of parties over whom Fonner Park had no responsibility or control. (Filing No. 8 at pp. 5-6).

Fonner Park also filed a Third-Party Complaint against Lawrence D. Donlin, Jr. ("Lawrence"), a horse trainer at Fonner Park. Pursuant to a Stall Application/Agreement between Lawrence and Fonner Park, Lawrence "agreed to indemnify and hold harmless Fonner Park, its officers, agents, and employees against any and all claims, damages, liabilities, losses, costs or expenses, including reasonable attorney's fees, as a result of or arising out of directly or indirectly, any actions or conduct by the applicants, trainer, owner, their agents, employees and/or animals." On February 19, 2022, Lawrence submitted a Nebraska Racing Commission License Application to Fonner Park in which he requested a license as an employer to have a groom and hotwalker work for him at Fonner Park, his son and the plaintiff in this case, Travis Donlin. (Filing No. 8 at pp. 7-8). Fonner Park alleges that Plaintiff's claims against it are covered by an indemnification agreement contained in the Stall Application/Agreement with Lawrence. Fonner Park further alleges Nebraska common law entitles it to indemnification and/or contribution from Lawrence. Finally, Fonner Park alleges Lawrence fraudulently misrepresented in the Stall Application/Agreement that Plaintiff would be a "groom/hotwalker" and instead was acting as an exercise rider and outrider. (Filing No. 8 at pp. 9-13).

After Lawrence timely filed a pro se[1] answer to the Third-Party Complaint on September 3, 2025, the Court held a telephone conference with counsel and Lawrence on October 15, 2024, to discuss case progression. The Court then entered a Case Progression Order setting forth case deadlines, including June 18, 2025, as the deadline for the defendants to move to amend pleadings and August 18, 2025, as the deadline to complete written discovery. (Filing No. 29).

By the beginning of May 2025, the parties had exchanged written discovery and taken a number of depositions, but requested the Court's assistance to resolve a discovery dispute; additionally, Plaintiff requested a 90-day extension of all case progression deadlines. (Filing No. 46; Filing Nos. 47-50). Following a telephonic hearing with counsel, on May 14, 2025, the Court

---

[1] Counsel thereafter entered an appearance for Lawrence on November 20, 2025. (Filing No. 30).

entered an Amended Case Progression Order extending certain case progression deadlines, including the written discovery and deposition deadlines, but did not extend the deadline to move to amend pleadings. (Filing No. 51).

On June 18, 2025, Fonner Park filed an amended answer and third-party complaint. (Filing No. 59). Fonner Park did not seek leave of Court or the written consent of opposing parties before filing the amended answer. See Fed. R. Civ. P. 15(a)(2). Fonner Park's amended answer contained some wording changes and raised similar affirmative defenses as its original answer, including that Plaintiff assumed the risk; Plaintiff was the proximate cause of the accident and his injuries; and that Plaintiff was a trespasser on the training track. Fonner Park also added a new affirmative defense that Plaintiff's action is "barred by Neb. Rev. Stat. § 25-21,[2]51[2], which precludes the assertion of an action such as this because of the known, inherent risk of equine activities" such as riding a horse on a training track. (Filing No. 59 at pp. 4-5).

On August 8, 2025, Fonner Park filed a motion to amend its answer, (Filing No. 62) and on August 15, 2025, Fonner Park filed the instant amended motion for leave to amend its answer, (Filing No. 66). Fonner Park asserts, "As a result of further investigation and discovery into the facts involved in this case, Fonner Park believes that it is entitled to plead the affirmative defense of Neb. Rev. Stat. § 25-21,[2]51, which precludes assertion of an action like Plaintiff's because of the known inherent risks of equine activities." Fonner Park also proposed "various technical changes, wording changes, and organizational changes" and included a copy of the proposed amended answer with highlighted changes. (Filing No. 66-2). Fonner Park's proposed Amended Answer (Filing No. 66-2) is identical to the Amended Answer it filed without leave on June 18, 2025 (Filing No. 59).

Plaintiff opposes Fonner Park's motion for leave to amend. Plaintiff notes that Fonner Park's June 18, 2025, amended answer was improper because it did not first request leave of the Court or written consent of the parties. Plaintiff objects to Fonner Park's request to amend its answer now because the motion was filed out of time and Fonner Park did not demonstrate good cause for the delay. (Filing No. 69 at pp. 3-4). Plaintiff also further objects to the amendment because the equine activities immunity defense that Fonner Park seeks to invoke explicitly does not apply to the horseracing industry, and therefore the amendment is futile. (Filing No. 69 at pp. 5-6).

---

[2] Fonner Park's amended answer, proposed amended answer, and brief all cite to Neb. Rev. Stat. § 25-21,**1**51, which is an apparent typographical error; the "Equine Activities" limitation of liability at issue is contained within Neb. Rev. Stat. § 25-21,**2**51.

**DISCUSSION**

Federal Rule of Civil Procedure 15 provides that the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a party does not have an absolute right to amend, and "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted). Additionally, when a party seeks leave to amend under Rule 15(a) outside of the time period established by a scheduling order, the party must first demonstrate good cause under Rule 16(b). See *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020) (quoting *Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019)). Good cause to amend a complaint after the deadline has passed "may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading." *Id.* at 1100 (citing *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)). The court has substantial discretion in ruling on a motion for leave to amend under Rule 15(a)(2). See *Wintermute v. Kansas Bankers Sur. Co.*, 630 F.3d 1063, 1067 (8th Cir. 2011). And, the district court has "broad discretion in establishing and enforcing" scheduling orders; a district court's "rulings on discovery and pretrial orders are reviewed for 'clear and prejudicial abuse of discretion.'" *Shipp v. Murphy*, 9 F.4th 694, 702 (8th Cir. 2021) (internal citations omitted).

In this case, the Court entered a case progression order setting June 18, 2025, as the deadline for the defendant to move to amend pleadings or add parties. Fonner Park filed an amended answer on that date, but did so without seeking the leave of Court and apparently without obtaining the written consent of the parties. However, no party moved to strike that pleading or otherwise notify the Court that Fonner Park had filed an amended answer without their consent. From the Court's perspective, failing to file a motion to strike Fonner Park's amended answer that was filed nearly three months ago is tacit acceptance of that pleading.

Aside from that, the Court will also construe Fonner Park's motion for leave to amend as timely under the case progression order. See *Shipp*, 9 F.4th at 702 (providing the court has broad

4

discretion in enforcing scheduling orders). Although Fonner Park's motion asking for leave to amend was not filed until August, Fonner Park is essentially seeking retroactive leave for the Court to approve its amended answer filed on the June 18, 2025, which was the deadline for the defendant to move to amend its pleading under the Court's case progression order. (Filing No. 29). As such, the parties have long been on notice of the content of Fonner Park's amended answer. Moreover, Fonner Park's amended answer does not materially change the parameters of this litigation, does not require additional discovery, and does not require alteration of the Court's case progression deadlines. While it does appear that Fonner Park's "equine activities" affirmative defense may ultimately not be meritorious, the validity of that affirmative defense can be easily challenged in summary judgment or, if Plaintiff feels strongly that the issue should be raised now, by a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure. See, e.g., *GGA-PC v. Performance Eng'g, Inc.*, No. 8:16CV567, 2017 WL 2773532, at *2 (D. Neb. June 26, 2017 (providing an affirmative defense may be stricken "where the defense has no basis in law, is insufficient as a matter of law, and the moving party will suffer prejudice in the absence of the court granting its motion to strike."). However, the purpose of an affirmative defense is to prevent unfair surprise, see *Crutcher v. MultiPlan, Inc.*, 22 F.4th 756 (8th Cir. 2022), and the Court finds no prejudice to the Plaintiff by permitting Fonner Park to at least raise that affirmative defense in its pleading at this time. Given the Court's substantial discretion and under the circumstances, it will grant Fonner Park's motion for leave to amend. Because Fonner Park already filed the same amended answer, see Filing No. 59, the Cout will not require Fonner Park to refile that document. Accordingly,

**IT IS ORDERED:** Defendant Fonner Park's Amended Motion for Leave to File Amended Answer and Third-Party Complaint (Filing No. 66) is granted. The Court will deem Fonner Park's Amended Answer at Filing No. 59 its operative pleading.

Dated this 9th day of September, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge